IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re:* ACQUISITION PARTNERS GROUP, INC., Debtor. | Chapter 7<br><br>Case No.: 09-09999-RNO |
| JOHN J. MARTIN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>GERALD A. POWELL, VINCENT TRAPASSO and CHRISTOPHER DYJAK,<br><br>Defendants. | Adversary Proceeding<br><br>Case No.: |

**COMPLAINT TO (A) AVOID PREFERNTIAL TRANSFERS UNDER 11 U.S.C. §547, (B) RECOVER AND PRESERVE AVOIDED TRANSFERS FOR THE BENEFIT OF THE ESTATE UNDER 11 U.S.C. §§550 AND 551, AND (C) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(D)**

John J. Martin, Chapter 7 Trustee ("Trustee" or "Plaintiff") for the estate of Acquisition Partners Group, Inc. (the "Debtor"), by and through the undersigned counsel, Weir & Partners LLP, as and for his complaint against Gerald A. Powell, Vincent Trapasso and Christopher Dyjak to (a) avoid preferential transfers under 11 U.S.C. §547, (b) recover and preserve avoided transfers for the benefit of the estate under 11 U.S.C. §§550 and 551, and (c) disallow claims pursuant to 11 U.S.C. §502(d) (the "Complaint"), alleges as follows:

## JURISDICTION AND VENUE

1. This adversary proceeding is commenced pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Sections 502, 547, 550 and 551 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1331 and 1334(b) and (e) because this proceeding arises under the Bankruptcy Code and arises in and is related to the Chapter 7 case filed by the Debtor.

3. This a core proceeding as defined by 28 U.S.C. §§157(b)(2)(A),(F) and (O).

4. Venue in this Court is proper pursuant to 28 U.S.C. §1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

5. This Court has personal jurisdiction over the above-captioned Defendants (as defined below) under Bankruptcy Rule 7004(f), and because the Defendants transacted business with the Debtor before the Petition Date (as defined below).

## THE PARTIES

6. Plaintiff is the Chapter 7 Trustee for the estate of Acquisition Partners Group, Inc.

7. Defendant Gerald A. Powell ("Powell") is an individual who, upon information and belief, is a resident of the Commonwealth of Pennsylvania and resides and/or conducts business at 30 Chatham Hill Road, Stroudsburg, Pennsylvania.

2

8. Defendant Vincent Trapasso ("Trapasso") is an individual who, upon information and belief, is a resident of the Commonwealth of Pennsylvania and resides and/or conducts business at 41 Mountainview Road, Tannersville, Pennsylvania.

9. Defendant is Christopher Dyjak ("Dyjak") is an individual who, upon information and belief, is a resident of the State of Florida and resides and/or conducts business at 1788 Painted Bunting Circle, Palm Harbor, Florida. (Powell, Trapasso and Dyjak are collectively referred to herein as the "Defendants").

10. At all times relevant hereto, Defendants were shareholders of the Debtor and were officers and/or directors of the Debtor and/or controlled the business affairs of the Debtor and/or were relatives of an officer, director or person in control of the Debtor and, therefore were insiders within the meaning of §§ 101(31)(B) and 547(b)(4)(B) of the Bankruptcy Code.

## BACKGROUND

11. On December 30, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 the Bankruptcy Code, commencing Case No. 09-09999 (the "Bankruptcy Case").

12. On January 5, 2010, the Trustee was appointed.

13. Based upon review of the Debtor's books and records, Debtor had a business relationship and/or conducted business with Defendants in the one (1) year prior to the Petition Date.

14. During that time, the Debtor authorized and issued payments to or on behalf of the Defendants, by check, wire transfer or otherwise.

15. During the one (1) year prior to the Petition Date, the Debtor made transfers to the Defendants of its property in the aggregate amount of $333,950.64.

## COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

16. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 15 above, as if set forth at length.

17. During the one (1) year preceding the Petition Date, the Debtor made certain transfers of its property (the "Transfers") in the aggregate amount of $333,950.64 to or for the benefit of Defendants. Those Transfers are as follows:

   a. on May 7, 2009, Debtor transferred to Powell the sum of $240,834.35 by check #1039;

   b. on May 7, 2009, Debtor transferred to Powell the sum of $19,732.71 by check #1041;

   c. on May 7, 2009, Debtor transferred to Trapasso the sum of $55,934.61 by check #1040; and

   d. on May 7, 2009, Debtor transferred to Dyjak the sum of $17,448.97 by check #1038.

18. Each of the Transfers was made to or for the benefit of Defendants within the meaning of § 547(b)(1) of the Bankruptcy Code, because the transfers either reduced or satisfied the debt then owed by the Debtor to the Defendants prior to the date the Transfers occurred.

19. Each of the Transfers was made on account of an antecedent debt which was owed by the Debtor to Defendants prior to the date the Transfers occurred.

20. The Debtor was insolvent at the time the Transfers were made.

21. By reason of the Transfers, Defendants were able to receive more than Defendants would otherwise have received if (a) the Bankruptcy Case were a case under

4

Case 5:10-ap-00196-RNO    Doc 1    Filed 05/24/10    Entered 05/24/10 10:42:52    Desc
Main Document      Page 4 of 7

Chapter 7 of the Bankruptcy Code, (b) the Transfers not been made, and (c) Defendants received payment of such debt as provided by the provisions of the Bankruptcy Code.

22. Section 547(b) of the Bankruptcy Code empowers a trustee, for the benefit of the estate, to avoid a transfer to a creditor of an interest of the debtor in property if the transfer is shown to have constituted a "preference" as defined in the Bankruptcy Code.

23. Plaintiff is entitled and empowered to avoid the Transfers pursuant to §547(b) of the Bankruptcy Code.

24. By reason of the foregoing, the Transfers are avoidable pursuant to § 547(b) and recoverable pursuant to § 550 of the Bankruptcy Code.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendants in an amount equal to the Transfers, plus pre- and post-judgment interest; ordering the Defendants to immediately pay the sum of the Transfers in accordance with § 550 of the Bankruptcy Code; costs of suit and attorney's fees; and such other relief as this Court deems just and appropriate.

## COUNT II – RECOVERY AND PRESERVATION OF AVOIDED PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 550 AND 551

25. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above, as if set forth at length.

26. The Transfers constitute preferential transfers which are avoidable by Plaintiff pursuant to §547 of the Bankruptcy Code (the "Avoidable Transfers").

27. Defendants were the initial transferees of the Avoidable Transfers, or the immediate or mediate transferees of such initial transferees, or the persons for whose benefit the Avoidable Transfers were made.

28. Plaintiff is entitled to recover from Defendants such Avoidable Transfers, or the value thereof, for the benefit of the estate pursuant to §550 of the Bankruptcy Code.

29. The Avoidable Transfers are automatically preserved pursuant to §551 of the Bankruptcy Code.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendants in an amount equal to the Avoidable Transfers, plus pre- and post-judgment interest; ordering the Defendants to immediately pay the sum of the Avoidable Transfers in accordance with § 550 of the Bankruptcy Code; costs of suit and attorney's fees; and such other relief as this Court deems just and appropriate.

**COUNT III – DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. §502(d)**

30. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 29 above, as if set forth at length.

31. Pursuant to 11 U.S.C. §502(d), any claims of Defendants against the Debtor must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the Avoidable Transfers.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendants in an amount equal to the Avoidable Transfers, plus pre- and post-judgment interest; disallowing and/or denying in full any and all claims of Defendants against the Debtor's estate until such time as Defendants return to the Debtor's estate the Avoidable Transfers, or the value thereof, pursuant to § 550 of the Bankruptcy Code; and such other relief as this Court deems just and appropriate.

          WEIR & PARTNERS LLP

          By: /s/ Jeffrey S. Cianciulli
              Jeffrey S. Cianciulli, Esquire (ID 83504)
              1339 Chestnut Street
              The Widener Building, Suite 500
              Philadelphia, PA 19107
              (215) 665-8181
              jcianciulli@weirpartners.com

          -And-

          WEIR & PARTNERS LLP
          Jennifer Hiller Nimeroff, Esquire
            (ID 86770)
          1339 Chestnut Street
          The Widener Building, Suite 500
          Philadelphia, PA 19107
          (215) 665-8181
          jhiller@weirpartners.com

          *Attorneys for Chapter 7 Trustee*

Dated: May 24, 2010